NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACY A. GORMLEY, | No. 21-35193 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05000-MLP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted February 15, 2022**
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Claimant Tracy Gormley appeals from the district court's order affirming the

Commissioner's denial of her application for Supplemental Security Income under

Title XVI of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 28 U.S.C. § 1291, and we affirm.

We review de novo the decision of the district court. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We set aside the Commissioner's denial of benefits only if the administrative law judge's (ALJ) findings are legally erroneous or not supported by substantial evidence. *Id.*

**1.** ***Examining Physicians***. The ALJ provided "specific and legitimate reasons supported by substantial evidence" for giving little weight to the four examining physicians. *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017). For example, the ALJ explained that each of the opinions was inconsistent with other medical evidence in the record, including evidence that Gormley has normal attention, concentration, and memory limits and improved mental health symptoms. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Additionally, the ALJ explained that Dr. Alvord, Dr. Morgan, and Dr. Weiss's opinions regarding marked limitations lacked sufficient explanation and were based almost exclusively on Gormley's testimony, which was inconsistent with her reported daily activity.[1] *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012)

---

[1]For Dr. Alvord's opinion, Gormley also argues that the ALJ did not "adequately explain why he chose to reject evidence that had been given 'great weight'" by the prior ALJ in earlier proceedings. However, Gormley does not cite

("The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (internal quotation marks and citation omitted). Finally, the ALJ noted that Dr. Litman's obsessive-compulsive disorder and neurocognitive disorder diagnoses and his statements about improper hygiene were inconsistent with the medical record.[2]

2. ***Non-Examining Physicians***. Because the ALJ provided "specific and legitimate reasons" for discounting the examining physicians' opinions in favor of the opinions of the non-examining physicians that the ALJ determined were more consistent with Gormley's reported activity levels and the medical record as a whole, we conclude that the ALJ did not err in giving "great weight" to the non-examining physician's opinions.

3. ***Gormley's Testimony***. The ALJ provided "specific, clear, and convincing reasons" supported by substantial evidence for discounting Gormley's testimony regarding the severity of her symptoms. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (internal quotation marks and citation omitted). Regarding her fibromyalgia symptoms, the ALJ noted that Gormley's level of activity throughout

---

any caselaw showing that this was required, nor does she make any specific arguments as to why the second ALJ's reasoning was not supported by substantial evidence.

[2] Gormley summarily claims that the examining physician's opinions are consistent with other medical evidence in the record. We decline to address this issue. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

her treatment record was "inconsistent with [her] allegation of incapacitating pain" and her behavior at appointments. Additionally, he found that some providers reported that Gormley had "an exaggerated response to light touch," was "overly dramatic," and "that her symptoms were out of proportion to injuries or objective findings." He therefore found her statements "not entirely reliable." Gormley argues that this finding was error because her response to light touch was "fully consistent with fibromyalgia." We disagree where one of Gormley's providers who was aware of her fibromyalgia diagnosis opined that Gormley's response to light touch was "out of proportion."

Regarding mental health symptoms, the ALJ noted that Gormley's depression was in partial remission in early 2019, her mood symptoms were described as stable, her anxiety was noted to be more manageable, and she was able to identify triggers and develop coping mechanisms. Additionally, the ALJ noted that Gormley's reported daily activities such as walking at the mall, driving a grandchild to school, going dancing, and going to a party were inconsistent with her claims that she was unable to leave her house or be around other people without suffering panic attacks. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a

totally debilitating impairment."), *superseded by regulation on other grounds*. We find no error in the ALJ's treatment of Gormley's symptom testimony.

4. ***Lay Witness Testimony***. The ALJ provided "germane" reasons for discounting the lay witness evidence from the Social Security interviewers and Gormley's mother. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ stated that the Social Security interviewers' observations of Gormley's tearfulness did not indicate the reasons for her distress and were inconsistent with Gormley's improved mental symptoms and her functioning. The ALJ also concluded that while Gormley's mother's statements were mostly consistent with Gormley's testimony, they were inconsistent with the medical record and partially inconsistent with Gormley's daily activity level. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that where an ALJ provides clear and convincing reasons to discount a claimant's testimony, he also provides germane reasons to discount a lay witness's similar testimony). Again, we find no error.

5. ***Step Five Finding***. Because we conclude that the ALJ did not err in determining Gormley's residual functional capacity based on the record presented, we also find no error in the ALJ's step five finding that was based on the assessed residual functional capacity.

**AFFIRMED.**